FILED
JUL - 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FRANKLIN<br>9903 Glen Way<br>Ft. Washington, Maryland 20744<br><br>Plaintiff,<br><br>v.<br><br>JOHN POTTER<br>POSTMASTER GENERAL,<br>475 L'Enfant Plaza, S.W.<br>Room 10022<br>Washington, D.C. 20260-2200<br><br>Defendant.<br><br>Also Serve:<br><br>JEFFREY A. TAYLOR<br>U.S. Attorney for the<br>the District of Columbia<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br><br>and<br><br>ALBERTO R. GONZALES<br>U.S. ATTORNEY GENERAL<br>Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530 | Civil Action<br><br>Case: 1:07-cv-01205<br>Assigned To : Huvelle, Ellen S.<br>Assign. Date : 7/3/2007<br>Description: Employ. Discrim.<br><br>JURY ACTION |

**COMPLAINT OF DISCRIMINATION IN EMPLOYMENT BASED ON GENDER, HANDICAP, DISABILITY, RETALIATION AND HOSTILE WORK ENVIRONMENT**

**I. INTRODUCTION**

1. COMES NOW Joseph Franklin, by his attorneys, Richard E. Patrick, Maynard M. Henry, Sr. and Patrick Henry LLP, and files this action against John E. Potter, Postmaster General of the United States for trial *de novo*, as provided for under Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e et seq., specifically 42 U.S.C. § 2000e-5; 42 U.S.C. § 2000e-16 (c) and 29 C.F.R. § 1614.407, which provide for relief against discrimination in federal employment and allows Plaintiff to file suit in federal court against the head of a federal government department, for a trial *de novo*. The Plaintiff also brings this action for a *de novo* trial pursuant to 29 U.S.C. § 701, *et seq.* and 29 U.S.C. § 794, *et seq.*, which prohibit discrimination in the federal government employment based on disability and handicap; and 42 U.S.C. § 2000e-3(a), as amended, which prohibits retaliation against an employee for pursuing his rights.

2. Plaintiff, a black male, seeks injunctive and declaratory relief to secure the protection of and to redress the deprivation of rights granted to him by the laws of the United States of America. He also seeks compensatory damages, attorney's fees and costs for violations, pursuant to 42 U.S.C.§ 2000e-5 and 42 U.S.C. § 2000e-16, as amended. He alleges that, as an employee of the of the United States Postal Service ("Postal Service"), he has suffered invidious discrimination, infliction of emotional distress and mental anguish and was forced to work in a hostile environment as a result of the actions of the defendant and its agents or employees. He seeks compensatory damages.

3. The aggregate of defendant's outrageous and unlawful conduct caused grave physical and emotional harm and mental distress to Plaintiff.

## II. JURISDICTION

4. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5; 42 U.S.C.§ 2000e-16; 28 U.S.C. 1343(3); 29 U.S.C. §794 (a); 29 U.S.C. §701, et seq.

### III. VENUE

5.  Venue is proper with this Court because the claims arose in Washington, D.C.

### IV. PARTIES

6.  Plaintiff, Joseph Franklin, is a citizen of the United States and is a resident of the State of Maryland, residing at 9903 Glen Way, Ft. Washington, Maryland 20744.

7.  John E. Potter, is Postmaster General of the United States within the meaning of 42 U.S.C. §2000e-16. At all times relevant hereto, the employees mentioned were employees of the United States Postal Service, and were acting within the scope and course of their employment.

### V. ADMINISTRATIVE PROCEDURES

8.  Since Plaintiff is entitled to a *de novo* trial, for background purposes and for purposes of showing that he has met the exhaustion requirements, Plaintiff recounts, the following administrative procedures. Pursuant to 29 C.F.R. §1614, in June 2005, the Plaintiff filed a formal compliant against the Postal Service alleging retaliation. He appealed the Agency's final decision to the EEOC Office of Federal Operations on September 18, 2006. The Office of Federal Operations has not yet issued a decision.

9.  In June 2005, the Plaintiff filed another complaint alleging discrimination on the basis of gender, retaliation and disability. The Agency issued its final decision, which was received by Plaintiff's counsel on April 9, 2007.

10. In August and December 2004, the Plaintiff filed other complaints against the Postal Service.

## VI. STATEMENT OF FACTS

11. Plaintiff, Joseph A. Franklin, a disabled American Veteran, has been employed by the Postal Service as a mailhandler since 1992. He was one of the Postal Service employees who became ill in 2001 as a result of the anthrax incident at what is now the Curseen and Morris Distribution Center ("CMDC").

12. After the CMDC was closed, Mr. Franklin was transferred to Southern Maryland, and he returned to the CMDC on December 27, 2003 where he was temporarily assigned to a section supervised by Denise Berry. He worked there from January to March 2004.

13. As a result of his service in the military, Mr. Franklin suffered from eosinophilic gastritis, mental disabilities and stress disorder, and was adjudged disabled by the military.

14. As a result of his disabilities and the effects of the drugs he was taking for those disabilities, Mr. Franklin had difficulty performing certain tasks.

15. As a mailhandler, Mr. Franklin's duties included lifting, pushing and carrying heavy items.

16. Although Postal Service management had been aware of Mr. Franklin's medical conditions since 1993, once Ms. Berry found out that Mr. Franklin suffered from eosinophilic gastritis, mental disabilities and stress disorder, among other things, Ms. Berry told him told him and other employees that she did not want Mr. Franklin working in her section.

17. During the time that Mr. Franklin was under Ms. Berry's supervision, she harassed Mr. Franklin about: using the men's room too frequently; not moving fast enough while performing duties or returning from breaks; ands denied him FMLA leave; disciplined him while he was applying for FMLA leave in January 2004; denied him access to shop stewards;

continuously berated and verbally abused him; failed to pay him properly; improperly accessed his private medical records; and placed him on AWOL when he was out on approved leave during February through March 8, 2004.

18. During the time that Mr. Franklin was supervised by Ms. Berry, he made numerous complaints about Ms. Berry's abusive treatment, which including shouting in his face, speaking to him in a demeaning tone and taunting him. Ms Berry was aware that Mr Franklin suffered from emotional problems as a result of his military service, and that when emotionally upset, he would go into shock. Yet, Ms. Berry purposely engaged in abusive conduct that she knew would caused Mr. Franklin to become upset. Despite Mr. Franklin's frequent complaints, no action was taken against Ms. Berry.

19. In March 2004, Mr. Franklin transferred to the robotics section, and on October 27, 2004, Ms. Berry became the supervisor of the robotics section and Mr. Franklin's supervisor once again.

20. At that time when Ms. Berry became Mr. Franklin's supervisor in the robotics section, Mr. Franklin advised the floor manager, Ms. Carolyn Talley, about his previous experiences with Ms. Berry and asked Ms. Talley to assign him to another area. Rather than resolving the situation, Ms. Talley told Mr. Franklin that "he would just have to deal with it."

21. On October 27, 2004, as a result of having to work under Ms. Berry's supervision, which included continued harassment, Mr. Franklin's medical situation worsened and he began to experience stomach pain, and headaches. Mr. Franklin advised management of his condition and requested a shop steward. After waiting three hours, Mr. Franklin still was not given a shop steward, so he waited for Ms. Talley, who was on a telephone call. At that time Ms.

5

Berry came in, saw him, and without inquiring further threatened that she would place him off duty and call the police to remove him if he did not return to his assigned area. Mr. Franklin filed discrimination complaints on August 9, and December 23, 2004.

22. Ms. Berry told Mr. Franklin that Ms. Talley would not agree and that it would be better if he left. At that time Mr. Franklin called the Postal Police and they suggested that he write a report. While Mr. Franklin was still waiting, Ms. Berry came back and began her harassment again by berating Mr. Franklin. Ms. Berry's continued harassment and the failure to provide a shop steward created a hostile and unsafe work environment for Mr. Franklin.

23. The shop steward arrived after the Postal Police left, and while Mr. Franklin was writing his statement about the incident, Ms. Berry continued threatening him with disciplinary action. When he complained about Ms. Berry's conduct, Ms. Berry ordered the shop steward to leave, and Mr. Franklin was not afforded an opportunity to speak with the steward. Normally, a shop steward is provided within two hours and the steward is allowed to speak with the employee. After his encounter with Ms. Berry, Mr. Franklin was forced to make an emergency visit to the hospital because his medical condition had flared up, and he was forced to take a medical leave of absence.

24. After being out on sick leave as a result of his encounter with Ms. Berry, Mr. Franklin returned to work on November 17, 2004, and he brought with him his doctor's excuse covering November 10, 2004 through November 17, 2004. At that time, Ms. Berry assigned Mr. Franklin to load mail, but as soon as he loaded the first piece of mail, she began yelling and screaming at him. When the yelling continued, Mr. Franklin asked for a shop steward. The acting plant manager also arrived, and Mr. Franklin explained his troubles with Ms.

Berry and told the acting plant manager that Ms. Berry's constant harassment causes his health conditions to flare up. As a result of this incident, Ms. Talley transferred Mr. Franklin to another section.

25. In December 2004, including Christmas 2004, New Year's Day 2005 and president's Day 2005, Ms. Berry intentionally failed to complete Mr. Franklin's leave slips, causing him to lose pay.

26. Even though Mr. Franklin was transferred, Ms. Berry still continued to harass him and create a hostile work environment by putting him in a non-pay status and tampering with his leave. As he had done before, on February 8, 2005, Mr. Franklin wrote a statement complaining about Ms. Berry's conduct.

27. On February 24, 2005, Mr. Franklin was ordered by Ms. Berry to report for a fitness for duty examination. There was no valid reason for this request and this was being done by Ms. Berry to further harass and intimidate Mr. Franklin and in retaliation for the complaints he had filed against Ms. Berry. On March 17, 2005, Ms. Berry, again without reason, subjected Mr. Franklin to another fitness for duty exam. He was also required to take a fitness for duty exam in or around April 2005.

28. Continuously since June 2004 and March 29, 2005, Mr. Franklin, because of his medical conditions and his medical restrictions, had requested light duty. Michael Fair, a prior supervisor, gave the request to Ms. Talley, and she, and other supervisors, continued to deny Mr. Franklin's light duty request without reason; however, other individuals on medical disability, including females, have been granted light duty.

29. The action and conduct, as described above, show that Ms. Berry and others have engaged in a continuing pattern of discrimination against Mr. Franklin, based on his disability, his gender, his veterans's status and in retaliation for filing prior EEO complaints.

30. No other similarly-situated individuals are treated in the same manner as Mr. Franklin, and no female or non-disabled person, supervised by Ms. Berry has been subjected to the harassment, hostile work environment and fitness for duty test to which Mr Franklin has been subjected.

31. In spite of his complaints against Ms. Berry, on April 6, 2005, Mr. Franklin was again transferred to an area where he was supervised by Ms. Vaughn. Mr. Franklin explained his medical limitations to Ms. Vaughn who already knew of the medical limitations, including the fact that Mr. Franklin had just returned from being off due to a wrist injury. Although Ms. Berry was aware of Mr. Franklin, she nonetheless intentionally assigned Mr. Franklin to the flat sorter operations, which is one of the heaviest mail operations at the Curseen and Morris Center.

32. Despite being informed of Mr. Franklin's wrist, knees and other problems, the supervisors still insisted that Mr. Franklin work the sorter. In a matter of about 50 minutes, Mr. Franklin's wrist had swollen to an enormous size and had become painful. His knee also became inflamed and swollen. As result, he was required to seek medical attention for these conditions.

33. On or about June 9, 2005, Mr. Franklin filed a formal complaint of discrimination based on gender, retaliation and disability, among other things. The Postal Service issued its final decision, dated April 3, 2007, which was received by the Plaintiff's counsel on April 9, 2007.

34.     From about November 2004 until January 2006, the Plaintiff was assigned to work at the West Dock.

35.     On or about January 4, 2006, while Mr. Franklin was still assigned to the West Dock and not under Ms. Berry's supervision, Mr. Franklin was given a pre-disciplinary interview for alleged failure to be in regular attendance, dating back from December 22, 2005. In fact, Mr. Franklin had been either in regular attendance or out on excused absences.

36.     Although Mr. Franklin was under medical restrictions, including restrictions against bending, stooping, twisting and lifting less than 5 pounds, on January 13, 2006, Ms. Talley, with full awareness of Mr. Franklin's restrictions, required Mr. Franklin to report to a position in the Robotics Sections, which required him to bend, twist stoop, twist and lift in excess of his medical restrictions. Ms. Tally also ordered Mr. Franklin to report to Ms. Berry, knowing that Ms. Berry had a history of harassment against Mr. Franklin.

37.     On January 13, 2006, Mr. Franklin gave Ms. Talley additional information, detailing his medical restrictions and informed her that her order to go to Robotics violated his medical restrictions. Ms. Talley was already aware of Mr. Franklin's medical restrictions.

38.     Knowing that Ms. Talley's orders violated Mr. Franklin's medical restrictions, Mr. Jordan, another manager, strongly suggested that Mr. Franklin report as ordered.

39.     During the conversation between Ms. Talley and Mr. Franklin, Mr. Franklin became very upset, and he requested the Postal Police who came, and after sometime, he, along with the shop steward and other mangers, including Ms. Berry and Ms. Talley, met in Mr. Jordan's office. It was during this meeting that Mr. Jordan threatened to fire Mr. Franklin. The shop steward reminded Ms. Berry that as the manager, she was not allowed to speak with Mr.

Franklin. Ms. Berry responded that she would speak with whomever she wanted.

40. Give the stressful nature of the meeting, Mr. Franklin began to experience medical difficulty, and asked to and was given permission to leave

41. On January 14, 2006, when Ms. Berry approached Mr. Franklin and asked him to report to his assigned work area, Mr. Franklin became physically and mentally upset due to the manner in which Ms. Berry approached him.

42. Despite having updated information, on February 9, 2006, Ms. Talley demanded that Mr. Franklin provide her with updated medical information in order for him to be eligible for temporary light duty.

43. Furthermore, Mr. Franklin's request for light duty was denied on March 8, 2006 although the Postal Service was aware of his medical and physical handicaps and in possession of his updated medical information. This denial was retaliatory.

44. Since March 2006, Mr. Franklin has not been employed at the Postal Service because the Postal Service has refused to accommodate him and has placed him on leave without pay.

45. The Postal Service's actions as described above, including, failing to accommodate the Plaintiff; subjecting him to multiple fitness for duty exams and improperly disciplining the Plaintiff, were retaliatory and were based on impermissible gender, disability and retaliation discrimination.

46. The Postal Service employees mentioned in this Complaint were acting within the scope and authority of their employment when they took the actions against the Plaintiff, and the Postal Service is responsible for their actions.

10

47. As a result of the conduct of the defendant and its employees, the Plaintiff suffered stress, humiliation and emotional distress, among other things.

48. The conduct of the defendant and its employees made Plaintiff's working conditions hostile and intolerable, and Plaintiff was unable to properly carry out the functions of the job.

49. Similarly situated individuals who were not in Plaintiff's protected class were treated more favorably than Plaintiff in terms of accommodation, discipline and work conditions, among other things.

## VI. STATEMENT OF CLAIMS

**COUNT I -  DISCRIMINATION ON THE BASIS OF GENDER AND DISPARATE TREATMENT IN VIOLATION OF TITLE VII**

50. Plaintiff incorporates the allegations of paragraphs 1 through 49 and in addition avers that:

51. The conduct of the defendant, as set forth above, constitutes disparate treatment based on gender, disability, handicap a and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 e-et seq in the defendant made the Plaintiff's work place intolerable.

**COUNT II- CREATION OF A HOSTILE WORK ENVIRONMENT**

52. Plaintiff re-pleads and re-alleges Paragraphs 1-51 above as if fully set forth and in addition states that the facts as alleged above constitutes the creation of a hostile work environment.

## COUNT III - DISCRIMINATION ON THE BASIS OF DISABILITY AND HANDICAP

53. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 52 and, in addition avers that:

54. The conduct of the defendant, as set forth above, constitutes discrimination on the basis of Plaintiff's disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. in that the defendant discriminated against the Plaintiff with respect to his disability by refusing to accommodate him, and also by treating the Plaintiff differently because of his disability and his handicap.

## COUNT IV - RETALIATION

55. Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 54 and in addition avers that:

56. The conduct of the defendant, as set forth above, constitutes retaliation in violation of §704 (a) of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e (3) (a). It also constitutes retaliation in violation of 42 U.S.C. §§ 701 and 794 (a.).

57. Defendant's conduct in subjecting Plaintiff to continual and on-going discrimination was outrageous and was intended to cause and did cause Plaintiff to suffer physical harm and severe emotional stress. As a result, Plaintiff has been under doctor's care and continues to seek medical treatment for emotional and other illness. During the period of discrimination, Plaintiff's already existing injuries were exacerbated thereby affecting the Plaintiff's ability to carryout the functions of his job.

58. Defendant's conduct in subjecting Plaintiff to on-going and continual discrimination was outrageous and caused Plaintiff to suffer physical harm and severe emotional stress. Defendant knew or should have known that its failure to correct the Plaintiff's work environment would be harmful to Plaintiff, but defendant refused to act and showed indifference to Plaintiff's situation. Defendant's conduct constitutes negligent infliction of emotional distress.

59. As a result of further and proximate result of the actions or omissions of the defendant or its agents as alleged in the paragraphs above, and the consequences proximately caused thereby, Plaintiff has suffered emotional trauma, humiliation, loss of benefits, distress, mental anguish, medical expenses and other related costs.

60. The acts and conduct of the defendant and its employees, as alleged in the paragraphs above, were deliberate, malicious, willful, intentional and were done to purposefully cause damage to the Plaintiff, and did cause damage to Plaintiff, requiring an award of damages.

## VII. **PRAYER FOR RELIEF**

61. Wherefore, Plaintiff prays for a judgment in his favor and against the defendant, and that the following relief be awarded to the Plaintiff:

1) Issue a declaratory judgment that defendant's acts, policies and practices complained of herein violated Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, as amended; and The Rehabilitation Act of 1973, as amended, 29 U.S.C. §701, et seq.

2) Issue a preliminary and permanent injunction:

(a) Prohibiting defendant, its agents and employees and those acting in concert with it from engaging in any other acts or practices shown to discriminate against the Plaintiff and similarly situated individuals.

3)  On Count I for discrimination in violation of the Civil Rights Act of 1964, compensatory damages in the amount of $300,000;

4)  On Count II for creation of a hostile work environment, damages in an amount awarded by the Court.

5)  On Count III for handicap and disability discrimination compensatory damages in the amount $300,000;

6)  On Count IV for retaliatory discrimination compensatory damages in the amount $300,000;

7)  That the Plaintiff be placed in a position which accommodates his disabilities and that he be awarded backpay and other benefits to which he is entitled;

8)  Grant Plaintiff his attorney's fees and costs;

9)  Grant such additional relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff hereby demand a jury trial on each and every count.

Respectfully submitted,

JOSEPH A. FRANKLIN
By Counsel
PATRICK HENRY LLP

By: _____
Richard E. Patrick, D.C. Bar # 396571
PATRICK HENRY LLP
7619 Little River Turnpike, Suite 340
Annandale, Virginia  22003
(703) 256-7754
(703) 256-7883-fax
rpatrick@patrickhenry.net

14

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

H 07-1205 ESH

## I (a) PLAINTIFFS

FRANKLIN, JOSEPH

88888

## DEFENDANTS

POTTER, JOHN, U.S. POST MASTER

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard E. Patrick, Patrick Henry LLP, 7619 Little River Turnpike, Suite 340, Annandale, VA 22003; (703) 256-7754.

Case: 1:07-cv-01205
Assigned To : Huvelle, Ellen S.
Assign. Date : 7/3/2007
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

|  | G. **Habeas Corpus/ 2255** | ☒ | H. **Employment Discrimination** | ○ | I. **FOIA/PRIVACY ACT** | ○ | J. **Student Loan** |
|---|---|---|---|---|---|---|---|
| | ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. **Labor/ERISA (non-employment)** | ○ L. **Other Civil Rights (non-employment)** | ○ M. **Contract** | ○ N. **Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
_T. 4 U.S.C. 2000e-et seq.: Discrimination in the workplace_

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND: YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE _July 3, 2007_    SIGNATURE OF ATTORNEY OF RECORD _[signature] 398571_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.