IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FRANKLIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-1205 (ESH) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant, by and through its undersigned attorneys, hereby answers Plaintiff's complaint as follows:

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Several of Plaintiff's claims are barred for failure to exhaust administrative remedies.

#### Third Affirmative Defense

Defendant had legitimate, non-discriminatory reasons for the actions complained of in this complaint.

#### Fourth Affirmative Defense

Plaintiff cannot establish that Defendant's legitimate, non-discriminatory reasons for its actions were pretext for discrimination.

1

**Fifth Affirmative Defense**

Plaintiff failed to mitigate his alleged damages.

**INTRODUCTION**

1.  Paragraph 1 of the complaint consists of characterizations of Plaintiff's claims and no response is necessary. To the extent a response is required, the allegations are denied.

2.  Paragraph 2 of the complaint consists of characterizations of Plaintiff's claims and no response is necessary. To the extent a response is required, the allegations are denied.

3.  Defendant denies the allegations of Paragraph 3.

**JURISDICTION AND VENUE**

4.  Paragraph 4 of the complaint sets forth legal conclusions and allegations of subject matter jurisdiction, to which no response is required. To the extent a response is deemed required, the allegations are denied.

5.  Paragraph 5 of the complaint sets forth legal conclusions and allegations of venue, to which no response is required. To the extent a response is deemed required, the allegations are denied.

**PARTIES**

6.  Paragraph 6 of the complaint sets forth legal conclusions and allegations of personal jurisdiction, to which no response is necessary. To the extent a response is required, Defendant lacks knowledge to admit or deny the allegations.

7.  Defendant admits that John E. Potter is the Postmaster General of the United States. Defendant lacks knowledge to admit or deny the remaining allegations in Paragraph 7 of the complaint.

## ADMINISTRATIVE PROCEDURES

8. Defendant admits that Plaintiff filed a formal EEO complaint against the Postal Service alleging disability discrimination and retaliation on or about February 17, 2005 and because Plaintiff's complaint was untimely, it was dismissed by the Postal Service by final agency decision on March 3, 2005. Defendant admits that Plaintiff appealed the Agency's final decision to the EEOC Office of Federal Operations on or about April 4, 2005, and that the Commission has not yet issued a decision. Defendant denies the remaining allegations of Paragraph 8 of the complaint.

9. Defendant admits that Plaintiff filed a formal EEO complaint against the Postal Service alleging disability and sex discrimination and retaliation on June 9, 2005. Defendant further admits that the Agency issued a final decision on April 3, 2007. Defendant denies the remaining allegations of Paragraph 9 of the complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the complaint.

## FACTUAL ALLEGATIONS

11. Defendant admits that Plaintiff was hired by the Postal Service as a mail handler in 1992. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. Defendant admits that Plaintiff was diagnosed with eosinophilic gastritis and stress disorder. Defendant denies the remaining allegations of Paragraph 13.

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant admits the allegations contained in Paragraph 19.

20. Defendant admits that Plaintiff complained to Carolyn Talley that he did not want to work under Denise Berry's supervision.  Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant admits that on or about October 21, 2004, Plaintiff asked for and received a shop steward.  Defendant denies the remaining allegations of Paragraph 21.

22. Defendant admits that the Postal Police came to the conference room after a meeting between Plaintiff, his shop steward, and Carolyn Talley.  Defendant denies the allegations contained in Paragraph 22.

23. Defendant admits that Plaintiff wrote a statement for the Postal Police on or about October 21, 2004.  Defendant denies the remaining allegations of Paragraph 23.

24. Defendant admits that Plaintiff was on sick leave from approximately November 10, 2004 to November 17, 2004.  Defendant denies the remaining allegations of Paragraph 24.

25. Defendant denies the allegations contained in Paragraph 25.

26. Defendant denies the allegations contained in Paragraph 26.

27. Defendant admits that on March 10, 2005, Plaintiff was instructed to report for a both a physical and psychiatric fitness for duty examination.  Defendant further admits that on April 6, 2005, Plaintiff was again instructed to report for psychiatric fitness for duty examination because he failed to keep his previous appointment.  Defendant denies the remaining allegations of Paragraph 27.

4

28.     Defendant admits that female mail handlers at Plaintiff's facility were granted temporary light duty at times relevant to this complaint.  Defendant denies the remaining allegations of Paragraph 28.

29.     Defendant denies the allegations contained in Paragraph 29.

30.     Defendant admits that no employees supervised by Denise Berry have been subjected to harassment and hostile work environment.  Defendant denies the remaining allegations of Paragraph 30.

31.     Defendant admits that on April 6, 2005, Plaintiff was temporarily assigned to work on the flat sorter machine supervised by Waverlye Vaughan.  Defendant further admits that Plaintiff informed Ms. Vaughan that he had medical restrictions.  Defendant denies the remaining allegations of Paragraph 31.

32.     Defendant admits that on April 6, 2005, Plaintiff was required to work on the flat sorter machine but was given temporary accommodations.  Defendant further admits that Plaintiff's wrist appeared swollen while working on the flat sorter machine.  Defendant denies the remaining allegations of Paragraph 32.

33.     Defendant admits that Plaintiff filed a formal EEO complaint alleging sex discrimination, disability discrimination and retaliation on June 9, 2005.  Defendant further admits that the Postal Service issued a final decision on April 3, 2007.  Defendant denies the remaining allegations of Paragraph 33.

34.     Defendant admits that Plaintiff worked on the West Dock from October 2004 to January 2006.  Defendant denies the remaining allegations of Paragraph 34.

35.     Defendant admits that Plaintiff was given a pre-disciplinary interview on or about

January 4, 2006 for failure to be regular in attendance. Defendant denies the remaining allegations of Paragraph 35.

      36.    Defendant admits that on or about January 13, 2006, Carolyn Talley instructed Plaintiff to return to full duty in the robotics section. Defendant denies the remaining allegations of Paragraph 36.

      37.    Defendant admits that on or about January 13, 2006, Plaintiff verbally informed Carolyn Talley that he believed could not longer perform his bid position in the robotics section but did not produce medical documentation. Defendant denies the remaining allegations of Paragraph 37.

      38.    Defendant denies the allegations contained in Paragraph 38 of the complaint.

      39.    Defendant denies the allegations contained in Paragraph 39 of the complaint.

      40.    Defendant admits that Plaintiff asked to leave work on or about January 13, 2006. Defendant denies the remaining allegations of Paragraph 40.

      41.    Defendant admits that Denise Berry asked Plaintiff to report to his assigned work area on January 14, 2006. Defendant denies the remaining allegations in Paragraph 41 of the complaint.

      42.    Defendant admits that Carolyn Talley requested that Plaintiff provide updated medical documentation to support his request for temporary light duty on or about February 9, 2005. Defendant denies the remaining allegations in Paragraph 42 of the complaint.

      43.    Defendant admits that Plaintiff's request for reasonable accommodation was denied by the Postal Service District Reasonable Accommodation Committee on or about March 8, 2005. Defendant denies the remaining allegations of Paragraph 43 of the complaint.

44. Defendant admits that Plaintiff has been on leave without pay since about March 2006.

45. Paragraph 45 is a statement of Plaintiff's claims to which no response is required. To the extent a response is deemed required, the allegations are denied.

46. Defendant denies the allegations contained in Paragraph 46 of the complaint.

47. Paragraph 47 is a statement of Plaintiff's claims to which no response is required. To the extent a response is deemed required, the allegations are denied.

48. Paragraph 48 is a statement of Plaintiff's claims to which no response is required. To the extent a response is deemed required, the allegations are denied.

49. Defendant denies the allegations contained in Paragraph 49 of the complaint.

## COUNT I
## DISCRIMINATION ON THE BASIS OF GENDER AND DISPARATE TREATMENT

50. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-49 as if fully set forth herein.

51. Paragraph 51 is a description of the issues raised in this complaint, to which no response is required. To the extent a response is required the allegations are denied.

## COUNT II
## HOSTILE WORK ENVIRONMENT

52. Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-51 as if fully set forth herein. Paragraph 52 of the complaint is a description of the issues raised in the complaint, to which no response is required. To the extent a response is required the allegations are denied.

## COUNT III
## DISABILITY DISCRIMINATION

53.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-52 as if fully set forth herein.

54.     Paragraph 54 of the complaint is a description of the issues raised in this complaint, to which no response is required.  To the extent a response is required the allegations are denied.

## COUNT IV
## RETALIATION

55.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1-54 as if fully set forth herein.

56.     Paragraph 56 of the complaint is a description of the issues raised in this complaint, to which no response is required.  To the extent a response is required the allegations are denied.

57.     Paragraph 57 of the complaint is a statement of claims raised in this complaint to which no response is required.  To the extent a response is required the allegations are denied.

58.     Paragraph 58 of the complaint is a statement of claims raised in this complaint to which no response is required.  To the extent a response is required the allegations are denied.

59.     Paragraph 59 of the complaint is a statement of claims raised in this complaint to which no response is required.  To the extent a response is required the allegations are denied.

60.     Paragraph 60 of the complaint is a statement of claims raised in this complaint to which no response is required.  To the extent a response is required the allegations are denied.

61.  Paragraph 61 of the complaint constitutes Plaintiff's prayer for relief to which no

response is required. To the extent that an answer is required to the paragraph, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## **GENERAL DENIAL**

Defendant denies each and every allegation in the complaint that was not admitted or otherwise qualified. Defendant further denies that Plaintiff is entitled to the relief requested in the Complaint, or to any relief whatsoever.

WHEREFORE, John E. Potter, Postmaster General of the United States Postal Service, Defendant herein, respectfully prays that Plaintiff's complaint be dismissed and requests such further relief as the Court deems appropriate.

October 23, 2007               Respectfully submitted,


                              JEFFREY A. TAYLOR, D.C. Bar # 498610
                              United States Attorney


                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                              Assistant United States Attorney

                                /s/
                              ALAN BURCH, D.C. Bar # 470655
                              Assistant United States Attorney
                              555 4th St., N.W.
                              Washington, D.C. 20530
                              (202) 514-7204, alan.burch@usdoj.gov