UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FRANKLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN POTTER, )<br>POSTMASTER GENERAL, )<br>)<br>Defendant. )<br>) | Civil Action No.: 07-1205 (ESH) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to the rules of this Court, counsel for the parties in the above-styled matter have conferred and submit this joint report. A proposed Scheduling Order incorporating the parties' suggestions is attached.

**Brief Statement of Case**

Plaintiff, an employee of the United States Postal Service, has filed a complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701 et seq. Specifically, plaintiff alleges that he was subjected to discrimination on the basis of his gender, race, disability, a hostile work environment, and in reprisal for protected EEO activity, during his employment with the Postal Service. Defendant believes that the challenged Postal Service actions were taken for legitimate, non-discriminatory reasons.

**Matters Discussed by the Parties**

The parties have discussed the matters referenced in Local Rule 16.3, and submit the following report:

1. **Status of Dispositive Motions:** There are no pending dispositive motions. Defendant believes this case will be resolved by summary judgment after the close of discovery. Plaintiff does not believe that this case can be disposed of by dispositive motions after discovery or at any time, and instead believes that a trial on the merits is necessary.

2. **Amended Pleadings**: The parties do not anticipate that it will be necessary to join any third parties, or that they will need to amend the pleadings at the time of this report. At the close of discovery, the parties agree that will be a good time to discuss whether any of the factual or legal issues can be narrowed and will inform the Court if any modifications are agreed upon.

3. **Assignment To Magistrate Judge**: The parties do not consent to assignment of this case to a Magistrate Judge.

4. **Settlement Possibility**: Defendant does not believe that there is a realistic possibility of settlement at this time, but the subject may be revisited after a decision is issued on dispositive motions filed after discovery. Plaintiff believes that this case could benefit from pre-discovery settlement negotiations.

5. **Alternative Dispute Procedures**: Defendant will not rule out ADR, but believes it is not likely to be productive at this time. The Plaintiff believes that this case could benefit from the Court's ADR process.

6. **Dispositive Motions**: Defendant believes that this case will be resolved by a motion for summary judgment, as mentioned in Paragraph No. 1. Plaintiff disagrees, as indicated in Paragraph No. 1. The parties jointly propose that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

7. **Initial Disclosures**: The parties propose that initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be served within 30 days after the issuance of the Court's initial scheduling order.

8. **Discovery**: The parties jointly request 180 calendar days to, and including, May 13, 2008, to conduct and complete discovery in this case. The parties anticipate standard discovery, i.e., Interrogatories, Requests for Production of Documents, Requests for Admissions, and depositions. The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery, with the sole exception that each party shall be allowed to propound 30 interrogatories.

9. **Experts**: The parties propose that the Plaintiff's expert(s), if any, be designated no later than 60 days after the commencement of discovery, and that defendant's experts, if any, be designated no later than 30 days thereafter. The parties further propose that Plaintiff's expert disclosures shall be served at least 60 days prior to close of discovery. The parties propose that Defendant's expert disclosures shall be served within 30 days after service of Plaintiff's expert disclosures. The parties agree that the expert disclosures shall, in accordance with Fed. R. Civ. P. 26(a)(2), include a written expert witness report.

10. **Class Action Procedures**: Not applicable.

11. **Bifurcation of Discovery or Trial**: The parties do not see any need for bifurcation in this case.

12. **Proposed Date for the Pretrial Conference**: The parties propose that the pretrial date be set within 60 days after the Court rules on dispositive motions.

13. **Trial Date**: The parties agree that, if necessary, a trial date should be set at the pretrial conference.

14. **Electronic Service**: Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties consent to service by electronic mail of pleadings, notices, motions, and other papers required to be served under Rule 5(a). The parties further agree that a paper copy of any such pleadings and other papers shall also be served by either mail or fax to all counsel.

15. **Preserving Discoverable Information**: The parties agree that they shall take all reasonable measures to preserve discoverable information.

16. **Disclosure or Discovery of Electronically Stored Information**: The parties agree that they shall disclose and produce electronically stored information either in electronic or printed format, whichever the parties may agree is the most convenient and efficient.

17. **Claims of Privilege and Protection of Trial Preparation Material**: Plaintiff requests that, with respect to any material to which a party claims a privilege or asserts protection as trial preparation material, the party asserting the privilege or protection shall produce a privilege log (in a format, which the parties may agree is the most convenient and efficient) to the other party to allow that party to assess the applicability of the privilege or protection which is being sought. The defendant agrees to comply with Fed. R. Civ. 26(b)(5)(A) in identifying information withheld subject to claims of privilege or protection of trial preparation materials.

Respectfully submitted,

|  |  |
|---|---|
| _____/s/_____<br>Richard E. Patrick, D.C. Bar #396571<br>PATRICK HENRY LLP<br>7619 Little River Turnpike<br>Suite 340<br>Alexandria, Virginia 22003<br>(703) 256-7754<br>(703) 256-7883 (facsimile)<br>rpatrick@patrickhenry.net | /s/<br>_____<br>JEFFREY A. TAYLOR, D.C. Bar # 498610<br>United States Attorney<br><br>/s/<br>_____<br>RUDOLPH CONTRERAS, D.C. Bar # 434122<br>Assistant United States Attorney<br><br>/s/<br>_____<br>JOHN G. INTERRANTE, PA Bar # 61373<br>Assistant United States Attorney<br>Civil Division<br>555 4th Street, N.W.<br>Washington, D.C. 20530<br>(202) 307-1249<br>(202) 514-8780 (facsimile)<br>John.Interrante@usdoj.gov |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH A. FRANKLIN ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 07-1205 (ESH) |
| ) | |
| v. ) | |
| ) | |
| JOHN POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### INITIAL SCHEDULING ORDER

Upon Consideration of the Joint Report of Local Rule 16.3 Conference, and the entire record herein, it is hereby

ORDERED that discovery shall commence upon issuance of this order and be concluded by May 13, 2008;

ORDERED that the parties shall serve the initial disclosures required by Fed. R. Civ. P. 26(a)(1) within 30 days after the issuance of this order;

ORDERED that discovery shall be subject to the limits of the Federal Rules of Civil Procedure and the Local Rules, except that each party may propound up to 30 interrogatories;

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2), except that plaintiff's experts shall be designated no later than 60 calendar days after the commencement of discovery; defendant's experts shall be designated no later than 30 calendar days thereafter; plaintiff's expert reports shall be due 60 calendar days prior to close of discovery; and defendant's expert reports shall be due 30 calendar days after service of plaintiff's expert disclosures; and it is further

ORDERED that any summary judgment motions be due within 60 calendar days after the close of discovery, oppositions due within 45 calendar days thereafter, and replies due within 21 calendar days thereafter.

It is SO ORDERED this _____ day of November, 2007.

                                              ELLEN S. HUVELLE
                                              United States District Judge

cc:      Richard E. Patrick, Esquire
          PATRICK HENRY LLP
          7619 Little River Turnpike
          Suite 340
          Alexandria, Virginia 22003

          John G. Interrante
          Assistant United States Attorney
          Civil Division
          555 4th Street, N.W.
          Washington, D.C.  20530